UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRACY HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04099-SLD-JEH |
| | ) |
| CREDIT COLLECTION SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Tracy Howard's Motion for Costs and Attorney's Fees, ECF No. 13.  The motion is GRANTED IN PART and Plaintiff is awarded $5,711 in fees and costs.

**BACKGROUND**

On June 13, 2023, Plaintiff sued Defendant Credit Control Services, Inc. d/b/a Credit Collection Services alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by reporting credit information known to be false, and failing to indicate that Plaintiff's relevant debt was disputed.  *See generally* Compl., ECF No. 1.  Plaintiff alleged that Defendant attempted to collect two consumer debts from her: (1) a $90 balance from original creditor Allstate Indemnity Company, and (2) a $53 balance from original creditor Liberty Mutual Insurance Company.  Plaintiff discovered that Defendant had reported these debts on her Equifax and Trans Union credit reports on March 8, 2023.  Plaintiff sent a letter via fax to Defendant disputing these alleged debts on March 24, 2023.  In early May 2023, Plaintiff again obtained her Equifax and Trans Union credit reports and found that Defendant had failed or refused to report her alleged debts as disputed, even after she had sent her March 24, 2023 letter.  Plaintiff alleged she suffered pecuniary, physical, and emotional damages as a result of Defendant's actions, as well as harm to her creditworthiness and a lowered credit score.

1

On July 28, 2023, Defendant executed a waiver of service of summons.  *See* Fed. R. Civ. P. 4(d).  On September 19, 2023, Defendant issued a Rule 68 Offer of Judgment to Plaintiff, offering to allow judgment to be taken against Defendant "for a total of $1,001.00 inclusive of nonmonetary and monetary claims for actual damages plus reasonable attorney's fees and costs to be determined by the Court accrued as of the date of this offer."  Offer J. 1, ECF No. 11-1 at 2–4.  Plaintiff timely accepted the Offer on October 3, 2023, and her attorney signed the Offer indicating Plaintiff's acceptance on October 11, 2023.  *See* Itemized Invoice 7, ECF No. 13-1 ("Credit Collection Services – 10/03/2023 – Email / Carl Schwartz: reviewed file, sent email to defense counsel accepting offer of judgment"); Not. Acceptance Offer J. 1, ECF No. 11-1 at 1; Offer J. 2 ("As counsel for and on behalf of Plaintiff, on this 11th day of October, 2023, I accept this Offer of Judgment[.]").  The Offer and Notice of Acceptance were filed on October 11, 2023, the Court entered judgment on October 17, 2023, ECF No. 12, and it set a deadline of October 31, 2023 for Plaintiff to file a petition for fees and costs, *see* Oct. 13, 2023 Text Order.

Plaintiff requests an award of costs and attorney's fees in the amount of $9,380.40.  Mot. Costs & Att'y's Fees 2.  Defendant objects to Plaintiff's requested amount because (1) time entries incurred after the date Defendant made its Offer of Judgment, *i.e.*, September 19, 2023, are impermissible according to the clear terms of the Offer; (2) time spent researching process servers is unreasonable because Defendant waived service; (3) Plaintiff's Itemized Invoice reflects several duplicate entries; (4) several time entries are vague and lack specificity; (5) this lawsuit's legal questions are not novel or difficult; and (6) no specialized attorney knowledge or skill is necessary.  *See generally* Def. Opp. Mot. Costs & Att'y's Fees, ECF No. 14.

# DISCUSSION

**I.   Attorney's Fees Under the FDCPA**

A plaintiff who prevails on an FDCPA claim against a debt collector is entitled to recover the costs of the action and "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). There is not a precise formula for computing a reasonable fee, but courts generally begin by calculating the lodestar which is done by multiplying the attorney's reasonable hourly rate by the number of hours the attorney reasonably expended. *Schlacher v. Law Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The court then has discretion to adjust the lodestar figure "to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 682 (7th Cir. 2022) (quoting *Schlacher*, 574 F.3d at 856–57). The lodestar figure is presumed to be reasonable, but where a plaintiff has achieved only partial or limited success, the lodestar "may be an excessive amount." *Gould v. Monarch Recovery Mgmt., Inc.*, No. 18-C-1282, 2020 WL 6585592, at *2 (E.D. Wis. Nov. 10, 2020) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). "[T]he most critical factor" in evaluating the reasonableness of a fee award "is the degree of success obtained." *Hensley*, 461 U.S. at 436.

**II.   Analysis**

Defendant agrees that, by accepting the Offer of Judgment, Plaintiff is the prevailing party and is therefore entitled to receive costs and reasonable attorney's fees, and Defendant does not object to paying the $402 filing fee. Def. Opp. Mot. Costs & Att'y's Fees 6. Instead, Defendant's objection is to the amount requested by Plaintiff, *i.e.*, $9,380.40 inclusive of costs and attorney's fees, viewing that amount to be excessive. Mot. Costs & Att'y's Fees 5; Def.

Opp. Mot. Costs & Att'y's Fees 5.  Defendant asserts that $402 in costs and $4,015 in attorney's fees is a reasonable award.  Def. Opp. Mot. Costs & Att'y's Fees 15.

### a. Reasonable Number of Hours Billed

Defendant contends that all time entries after September 19, 2023 should be excluded in accordance with the plain and unambiguous language of the Offer of Judgment.  *Id.* at 11–12.  The Court agrees.

"When an offer of judgment unambiguously limits recovery of attorney's fees, courts should honor that limitation."  *Stephens v. Cirrincione*, No. 11 C 6354, 2012 WL 2872448, at *3 (N.D. Ill. July 11, 2012).  Defendant's Offer of Judgment was sent to Plaintiff on September 19, 2023.  *See* Not. Acceptance Offer J. 1 (indicating that Plaintiff, "through counsel, Carl Schwartz, Esq., Credit Lawyers of America, accept[ed] . . . the . . . offer of judgment made by Defendant on September 19, 2023"); Mot. Costs & Att'y's Fees 1 ("Plaintiff timely accepted the offer of judgment and Defendant filed a notice of Plaintiff's acceptance of the offer of judgment."); Def. Opp. Mot. Costs & Att'y's Fees 2 ("On September 19, 2023, [Defendant] issued its Fed. R. Civ. Pro. Rule 68 Offer of Judgment to Plaintiff.").  The Offer clearly states that Defendant would pay "reasonable attorney's fees and costs to be determined by the Court *accrued as of the date of this offer*."  Offer J. 1 (emphasis added).  Accordingly, the Court excludes all time entries after September 19, 2023, which amounts to 5.2 hours.  *See* Itemized Invoice 7–8.

Defendant also asserts that the time spent by a paralegal researching process servers is unreasonable because Defendant executed a Rule 4 waiver of service of summons.  Def. Opp. Mot. Costs & Att'y's Fees 12–13.  The Court agrees with Defendant that the time spent researching process servers should be excluded for two reasons: (1) It is an administrative and clerical task, and therefore not permissible as part of the fee award; and (2) Plaintiff did not

4

allow Defendant sufficient time to return the waiver of service. The Seventh Circuit has held that a court should disallow time spent on administrative or clerical tasks when calculating the reasonable number of hours expended. *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999). "The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Id.* (quotation marks omitted). "[C]alls made to hire process servers" are clerical and should be excluded. *Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 886 (C.D. Ill. 2013); *see also Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 909 (N.D. Ind. 2013). Moreover, Rule 4(d)(1)(F) states that a defendant should be given "a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Plaintiff sent the waiver to Defendant on June 13, 2023, meaning Defendant had until July 13, 2023 to return the waiver. The Itemized Invoice shows that a paralegal researched process servers on six different days between June 20, 2023 and July 10, 2023. Itemized Invoice 4. Therefore, the Court will exclude the time entries for researching process servers, which amounts to 1.7 hours.[1]

Defendant additionally objects to other paralegal time entries because they are duplicative or lack specificity. Def. Opp. Mot. Costs & Att'y's Fees 13–14.[2] A defendant "is not required to pay for hours that are 'excessive, redundant, or otherwise unnecessary.'" *Johnson v. GDF, Inc.*, 668 F.3d 927, 931 (7th Cir. 2012) (quoting *Hensley*, 461 U.S. at 434).

---

[1] Defendant identified five time entries related to researching and contacting process servers. *See* Def. Opp. Mot. Costs & Att'y's Fees 12 (objecting to time entries on June 27, 2023, June 29, 2023, June 30, 2023, July 6, 2023, and July 10, 2023). The Court identified one additional entry on June 20, 2023 for 0.25 hours for "Research[ing] servers to serve D" and excludes that entry as well based on the same reasoning.

[2] In objecting to Plaintiff's allegedly duplicative entries, Defendant itself duplicated two entries which caused a miscalculation of fees on Defendant's part. *Compare* Def. Opp. Mot. Costs & Att'y's Fees 13 (showing two entries for April 14, 2023, and two entries for April 21, 2023), *with* Itemized Invoice 2 (showing one entry for April 14, 2023, and one entry for April 21, 2023).

5

Moreover, time spent on purely clerical tasks cannot be part of a fee award, *Spegon*, 175 F.3d at 553, and clerical tasks include: sending pleadings to clients, review of waivers of service and other similar documents, drafting cover sheets, photocopying, and filing documents with the court, *see Pace v. Pottawattomie Country Club Inc.*, No. 3:07-CV-347 RM, 2009 WL 4843403, at *12–13 (N.D. Ind. Dec. 11, 2009); *Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005); *Hyland v. Indicator Lites, Inc.*, 160 F. Supp. 2d 981, 985–86 (N.D. Ill. 2001).  The Court finds that the following tasks from the Itemized Invoice are of a clerical nature: drafting and printing letters and summons, scanning and emailing, updating a task management platform, e-filing documents, and saving and emailing documents from LexisNexis.[3]  Additionally, the Court finds one duplicate entry and excludes it as well.[4]  The Court excludes a total of 4.44 hours on the basis that those entries are clerical or duplicative.

The Court finds the reasonable number of hours billed to be 10.5 hours for paralegal services and 9.8 hours for attorney services.

  b.  **Reasonable Hourly Rate**

Plaintiff, as the party seeking the award of fees, "bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed."  *Spegon*, 175 F.3d at 550.  An attorney's reasonable hourly rate should be based on the market rate for the legal services provided, *id.* at 554, which is ideally shown by "the amount the attorney actually bills for similar work," *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014), or alternatively, "evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases," *id.*  Once the plaintiff meets her burden of providing evidence proving

---

[3] The Court excludes entries involving clerical tasks from the following dates in 2023: April 14, April 21, June 13, July 19, August 1, September 5, September 6, and September 15.
[4] Compare Itemized Invoice 2 ("Credit Collection Services – 05/16/2023 – Email / Samantha Ewell: Emailed GN, CS and GH re complaint"), with *id.* at 3 (same).

the "market rate," "the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Spegon* 175 F.3d at 554–55.  If the plaintiff fails to meet her burden to prove that her requested hourly rate is appropriate, the court may independently determine a reasonable rate. *Heling v. Creditors Collection Serv. Inc.*, No. 15-CV-1274-JPS, 2017 WL 2539785, at *3 (E.D. Wis. June 12, 2017) (citing *Montanez*, 755 F.3d at 553).

Plaintiff requests an hourly rate of $160 for paralegal services and $450 for her attorney. Mot. Costs & Att'y's Fees 3–5.[5]  To support her requested hourly rate of $160 for paralegals, Plaintiff cites to a case from the Eastern District of Michigan approving a $125 hourly rate.  *See Tikan v. Asset Acceptance, LLC*, No. 13-12173, 2016 WL 1212641, at *3 (E.D. Mich. Feb. 12, 2016) (collecting cases from the Eastern District of Michigan where courts approved $125 and $140 hourly rates).  Plaintiff also attaches a recent order from the Eastern District of Michigan approving $160 as a reasonable paralegal rate.  *See* Ord. Granting in Part Pl.'s Mot. for Costs & Att'y's Fees Against Verizon Wireless Pers. Commc'ns LP 4, *Greene v. Equifax Info. Servs., LLC*, No. 19-cv-11094 (E.D. Mich. Mar. 15, 2021) ("*Greene* Ord."), Mot. Costs & Att'y's Fees Ex. 3, ECF No. 13-3.  Defendant does not object to the $160 hourly rate for paralegal services and, based on the evidence provided by Plaintiff, the Courts finds that $160 is reasonable.

To support her request for her attorney's $450 hourly rate, Plaintiff states that her attorney "has a highly specialized practice" and "has earned an excellent reputation and acquired an acumen for his work" in the area of consumer protection.  Mot. Costs & Att'y's Fees 4. Additionally, she cites to another Eastern District of Michigan case which approved an hourly

---

[5] The Motion states that "Plaintiff's counsel charges $160.00 per hour for paralegal services and a $450.00 hourly rate for attorneys."  Mot. Costs & Att'y's Fees 3.  The Itemized Invoice, however, lists some services at an hourly rate of $140.00.  *See, e.g.*, Itemized Invoice 1 ("Credit Collection Services – 03/17/2023 – Email / Carissa Cabullo: Emailed client confirming receipt of the retainer and next steps.").  The Court will keep the $140 rate for the time entries designated with an hourly rate of $140.00 on the Itemized Invoice.

rate of $350.  *See Litt v. Portfolio Recovery Assocs., LLC*, No. 13-12462, 2015 WL 1849267 (E.D. Mich. Apr. 22, 2015).

Defendant objects to Attorney Schwartz's requested $450 hourly rate and contends that the reasonable rate should be $375 per hour.  Def. Opp. Mot. Costs & Att'y's Fees 6–8; *see also id.* at 7 (citing *Bempah v. Midland Credit Mgmt., Inc.*, No. 22-cv-748, 2023 WL 112577, at *2 (N.D. Ill. Jan. 5, 2023) (finding $380 to be a reasonable hourly rate in Illinois)).  Defendant further supports its argument by citing to a recent decision in the Southern District of Ohio in which the plaintiff requested a $375 hourly rate for Attorney Schwartz specifically.  *See Everhart v. Credit Vision, Inc.*, No. 1:20-cv-670, 2023 WL 2607274, at *7 (S.D. Ohio Mar. 23, 2023) ("[The plaintiff]'s Motion for Attorneys' Fees explains that she asks for a rate of $375 for Carl Schwartz, a Michigan attorney who apparently worked on the case with [local counsel]. . . . Carl Schwartz is employed as an attorney at [Credit Repair Lawyers of America] and is licensed in multiple jurisdictions.  He has represented consumers and dedicated his career to consumer law cases since 2007.  *His hourly rate is $375.*" (emphasis added) (quotation marks omitted)).

The only evidence presented by Plaintiff consists of two Eastern District of Michigan cases, attached as exhibits, which found a $375 hourly rate for Attorney Schwartz to be reasonable.  *See* Ord. Granting in Part & Denying in Part Pl.'s Mot. for Att'ys' Fees 3, *Greiner v. Equifax Info. Servs., LLC*, No. 17-13712 (E.D. Mich. Nov. 19, 2018), Mot. Costs & Att'y's Fees Ex. 2, ECF No. 13-2; *Greene* Ord. 4.  Plaintiff did not, for example, provide a declaration from a local attorney attesting that the requested rate is reasonable, *see Gould*, 2020 WL 6585592, at *3, or provide Attorney Schwartz's résumé detailing his years of experience, *see Stephens*, 2012 WL 2872448, at *2, or provide examples of retainer agreements between Attorney Schwartz and other clients, *see Montanez*, 755 F.3d at 553–54.  Indeed, Plaintiff has presented no evidence to

prove that $450 is the market rate and the only evidence presented demonstrates that $375 is the appropriate market rate. Even if Plaintiff had presented evidence to support her requested $450 rate, Defendant has met its burden of demonstrating that $375 is the appropriate rate for Attorney Schwartz. Accordingly, the Court finds that $375 is a reasonable hourly rate for Attorney Schwartz.

Based on the foregoing determination of reasonable number of hours billed and reasonable hourly rate, the Court calculates the lodestar to be $5,309.[6]

### c. Adjustment of the Lodestar

The Court must next decide whether and by how much the lodestar should be adjusted. "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011), "and it is the [defendant]'s burden to convince [the court] that a lower rate is *required*," *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007). It is only in "rare circumstances" that it would be appropriate for a court to adjust the fee award if it finds that "the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 338 F. Supp. 3d 729, 735 (N.D. Ill. 2018) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)), *vacated and remanded on other grounds*, 42 F.4th 675 (7th Cir. 2022).

Defendant avers that "[t]here is nothing novel about Plaintiff's claims or the legal questions presented therein" and "nothing unique about this matter that required skills of a lawyer at Plaintiff counsel's level of experience to perform the legal services properly." Def. Opp. Mot. Costs & Att'y's Fees 15. The Court agrees that this litigation is not complex, but

---

[6] This figure is the summation of 2.3 hours for paralegal services (at a rate of $140) plus 8.2 hours for paralegal services (at a rate of $160) plus 9.8 hours for attorney services (at a rate of $375).

Defendant has not met its burden to prove that a fee award lower than the lodestar is *required*. This is not one of the rare circumstances in which the lodestar calculation does not adequately capture certain factors and accordingly, the Court respects the strong presumption that the lodestar is reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff Tracy Howard's Motion for Costs and Attorney's Fees, ECF No. 13, is GRANTED IN PART. Plaintiff is awarded $5,309 in fees and $402 in costs.

Entered this 9th day of September, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
